UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARR MASSI and EDWIN ZAYAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiffs<br><br>- against -<br><br>KENYTA GROUP LLC AND M & M PIZZA CORP.,<br><br>                            Defendants | 19 Civ. 10096<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs CARR MASSI and EDWIN ZAYAS by and through their counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants:

### STATEMENT OF CLAIM

1. In violation of well-settled, decades old law, Defendants have made a financial decision to not remove a variety of unlawful architectural barriers which exist at its public accommodation. Instead, Defendants have chosen to create and follow a policy to exclude Plaintiffs and all other disabled persons, who use wheelchairs and scooters, from having access to and use of Defendants' public accommodation.

2. Plaintiffs file this action on behalf of themselves and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq.*

3. Plaintiffs seek damages, declaratory and injunctive relief, as well as fees and costs

against the Defendants.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiffs' rights under the Americans with Disabilities Act ("ADA").

5. The Court has supplemental jurisdiction over Plaintiffs' allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

## PARTIES

7. That at all times hereinafter mentioned, Plaintiff Carr Massi is now, and at all times mentioned in this complaint, a resident of 365 West 25th Street, New York, NY.

8. That at all times hereinafter mentioned, Plaintiff Edwin Zayas is now, and at all times mentioned in this complaint, a resident of 418 West 17th Street, New York, NY.

9. Defendant KENYTA GROUP LLC is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

10. Defendant M & M PIZZA CORP. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

11. Defendant M & M PIZZA CORP. operates and leases a place of public accommodation located at 10th Avenue located at 256 Tenth Ave., New York, NY.

12. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## CLASS ACTION

13. Plaintiffs bring this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use a wheelchair, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA and New York State Law.

14. Plaintiffs, complaining for themselves and all other residents in the City of New York and State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

15. The United States Census has indicated that there are more than 1.39 million New Yorkers with mobility disability.

16. The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

17. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

3

18. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

19. Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. (*See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D). (2010 ADA Standards for Accessible Design hereinafter referred to as "2010 Standards").

20. Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. (The 1991 ADA Accessibility Standards hereinafter referred to as "1991 Standards").

21. If a public accommodation is altered in the manner that affects or could affect the usability of the public accommodation thereof, it must make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities.

22. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to an area of the public accommodation containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities.

23. Regardless if a public accommodation undertakes an alteration, it still has a continuous lawful obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

24. Regardless of the year a public accommodation was built, it has a continuous lawful obligation to remove all readily achievable barriers which denies a disabled individual with the

opportunity to participate in or benefit from services or accommodations.

25. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

26. The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

27. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA and New York City Human Rights Law.

28. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law.  Property leases which contain contradictory language is superseded by the ADA.

29. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

## FACTUAL BACKGROUND

30. Plaintiff Carr Massi has a disability which prevents her from walking. As a result she uses a wheelchair for mobility.

31. Plaintiff Edwin Zayas has a disability which prevents him from walking. As a result he uses a wheelchair for mobility.

32. Defendant KENYTA GROUP LLC owns or leases the commercial property which houses the public accommodation named 10th Avenue Pizza & Café located at 256 Tenth Ave., New York, NY (hereinafter 'facility').

5

33.     Defendant M & M PIZZA CORP. owns or operates a public accommodation named 10th Avenue Pizza & Café located at 256 Tenth Ave., New York, NY.

34.     Plaintiffs each reside less than ¼ mile from Defendant's public accommodation and are frequently near Defendant's facility.

35.     The floor elevation of the immediate entrance of Defendants' public accommodation is within 18 inches of the sidewalk.

36.     Upon information and belief, since 1992, Defendants public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

37.     In or about June/July 2019, each Plaintiff attempted to enter Defendants' public accommodation, however they were unable to enter because of a series of unlawful architectural barriers identified below.

38.     Features of Defendants' public accommodation encountered by Plaintiffs which are inaccessible, are including but not limited to:

   a.   An accessible route of 36 inches is not provided from the public streets and sidewalks to Defendant's entrance in violation of the 1991 Standards § 4.3.2 and 4.3.3; 2010 Standards § 206.2.1.

   b.   There does not exist an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

   c.   An accessible means of egress is not provided in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

   d.   The walkway to enter each of Defendants' public accommodation have unlawful changes in level in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 303.2.

   e.   There is insufficient maneuvering clearance perpendicular to its entrance in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.

   f.   The entrance door lacks level sufficient maneuvering clearance to enter Defendants public accommodation in violation of the 1991 Standards § 4.13.6, 2010 Standards 404.2.4

    g.    Upon information and belief, at least 5% of the seating spaces and standing spaces at the dining services to not comply with 1991 Standards § 4.3 2.4; 2010 Standards § 902. There is no accessible wheelchair space so that a person in a wheelchair can sit at an accessible dining surface.

39.    Plaintiffs are deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

40.    Plaintiffs have the intention to patron Defendants' public accommodation once it becomes readily accessible to and usable.

41.    The removal of existing architectural barriers is readily achievable.

42.    To date, Defendants have failed to remove the architectural barriers.

## FIRST CAUSE OF ACTION
### (Violation of the Americans with Disabilities Act)

43.    Defendants' facility named 10th Avenue Pizza & Café located at 256 Tenth Ave., New York, NY, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

44.    Defendants have failed to make adequate accommodations and modifications to its facility located at 256 Tenth Ave., New York, NY.

45.    Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

46.    There exist readily achievable modifications which would make Defendants' public accommodation accessible and readily usable by Plaintiffs and all others similarly situated.

47.    Defendants failed to make the necessary readily achievable modifications to its public accommodation.

48. It is not impossible for Defendants to remove the architectural barriers which exist at its facility.

49. Defendants failed to design and construct its facility that is readily accessible to and usable by Plaintiffs in violation of 42 U.S. Code § 12183(a)(1).

50. It is not structurally impracticable for Defendants' facility to be accessible.

51. Defendants failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

52. Defendants' facility is not fully accessible to, or readily useable by individuals with disabilities.

53. Defendants have discriminated against Plaintiffs, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

54. Defendants have subjected Plaintiffs, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, to a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

55. Defendants have not afforded Plaintiffs, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

56. Defendants have provided Plaintiffs, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

57. Defendants have not afforded Plaintiffs, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

58. Defendants have denied Plaintiffs, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

59. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiffs, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

60. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiffs in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

61. Defendants should have achieved accessibility by January 26, 1992.

62. The barriers to access Defendants' facility continue to exist.

63. Reasonable accommodations exists which do not impose an undue hardship on the operation of the Defendants' program or activity.

64. Reasonable accommodations could be made which do not fundamentally alter the nature

of the Defendants' program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

65. Plaintiffs reallege and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

66. Defendants have not provided Plaintiffs and others similarly situated with evenhanded treatment.

67. Defendants' direct or indirect unevenhanded treatment of Plaintiffs and others similarly situated is demonstrated when they are segregated from all other customers.

68. Defendants have, because of Plaintiffs' disability, directly or indirectly, refused, withheld from or denied Plaintiffs any of the accommodations, advantages, facilities or privileges of their public accommodation.

69. Defendants have demonstrated that the patronage or custom thereat of Plaintiffs and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

70. Pursuant to New York State law, Defendants and its agents discriminated against Plaintiffs.

71. As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Human Rights Law, Plaintiffs have suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

## THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws)

72. Plaintiffs reallege and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

73. On the basis of Plaintiffs' disability, Defendants have violated their civil rights.

74. Consequently, Plaintiffs are entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

75. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

76. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))

77. Plaintiffs reallege and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

78. In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiffs and others similarly situated.

79. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiffs and all others similarly situated.

80. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiffs, directly or indirectly, refused, withheld from and denied Plaintiffs the accommodations, advantages, facilities or privileges thereof.

81. In violation of New York City Admin. Code, on the basis of Plaintiffs' disability, Defendants have demonstrated that the patronage or custom of Plaintiffs and all others similarly situated, is unwelcome, objectionable, and not acceptable.

82. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been

11

served upon New York City's Commission on Human Rights.

83. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiffs have suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury

## FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**

84. Plaintiffs reallege and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

85. Reasonable accommodations and modifications are necessary to enable Plaintiffs and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

86. Defendants failed to provide Plaintiffs reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

87. In violation of New York City Human Rights Law 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiffs and others similarly situated.

88. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiffs and all others similarly situated.

89. Reasonable accommodations and modifications are necessary to enable Plaintiffs and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

90. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiffs, directly or indirectly, refused, withheld from and denied Plaintiffs the accommodations, advantages, facilities or privileges thereof.

91. In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiffs' disability, the patronage or custom of Plaintiffs and all others similarly situated, is unwelcome, objectionable, and not acceptable.

92. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiffs have suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

### SIXTH CAUSE OF ACTION
### (Declaratory Relief)

93. Plaintiffs reallege and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

94. Plaintiffs are entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief from the Court:

A. Certify this case as a class action;

B. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring

Defendants to alter its facility making such facility readily accessible to and usable to individuals with disabilities, and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Administrative Code, and Title III of the ADA.

C.  Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, New York City Administrative Code, and its implementing regulations and declaring the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* and every violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

F.  The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G.  Award Plaintiffs compensatory damages in the amount of $20,000 for Defendants violation of New York State Human Rights Law and New York City Administrative Code.

H.  Award Plaintiffs punitive damages in the amount to be determined at trial for Defendants violation of New York State Human Rights Law and New York City Administrative Code.

I.  Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

J.     Award Plaintiffs such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

        Dated: October 23, 2019

        LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

        X _____/s/ J-B_____

        JAMES E. BAHAMONDE, ESQ.
        Attorney for the Plaintiff(s)
        Tel: (646) 290-8258
        Fax: (646) 435-4376
        E-mail: James@CivilRightsNY.com